NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE CAROLYN D. SHOCKNESS,
*Petitioner.*

---

### 2010-M929

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in case no. DC0752090689-I-2

---

## ON PETITION FOR WRIT OF MANDAMUS

---

Before RADER, FRIEDMAN and GAJARSA, *Circuit Judges.*

PER CURIAM.

### O R D E R

Carolyn D. Shockness petitions for a writ of mandamus to direct the Administrative Judge in her case to vacate her order denying Shockness's motion for recusal, to direct the Administrative Judge to disqualify herself, and to direct that Shockness's representative be allowed to represent her before the Merit Systems Protection Board. Shockness moves to "correct" the docketing of her mandamus petition to change the designation of the respondent and moves to stay proceedings before the

Board. Shockness also moves for leave to proceed in forma pauperis.

Shockness filed an appeal with the Board challenging an asserted constructive suspension. During the proceedings, the Administrative Judge warned Shockness's representative, Paula K. Lua, to not initiate inappropriate contact. For example, in an order dated August 25, 2009, the Administrative Judge mentioned that the appellant's representative left "a very rude and angry voicemail message . . . concerning the docket number in this appeal." In the order, the Administrative Judge also warned that the voicemail message "appears to be an attempt to engage in prohibited ex parte communications with the administrative judge concerning the merits of the appellant's pending appeal as the agency was not privy to her communication." The Administrative Judge ordered the representative "not to attempt to contact me again, orally or in writing, without providing the agency with an opportunity to participate in the communication."

In the August 25, 2009 order, the Administrative Judge also denied Shockness's motion that she recuse herself. The Administrative Judge stated:

> The appellant argues that she is entitled to receive a fair and just adjudication of her affirmative defense of disability discrimination (failure to accommodate). The appellant has no basis to assert that I have not fairly adjudicated this matter. Nor has she shown a substantial showing of personal bias to justify my disqualification from the appeal. Therefore, the appellant's request for me to recuse myself from this appeal is DENIED.

Subsequently, on January 26, 2010, the Administrative Judge granted the Postal Service's motion to disqualify the appellant's representative from further participation in the case. The events leading to the

disqualification of the appellant's representative, as listed by the Administrative Judge in her January 26, 2010 order, are summarized below.

The Administrative Judge first mentions the voice-mail message that she previously discussed in her August 25, 2009 order. The Administrative Judge also mentions that during a December 10, 2009 conference call:

> Ms. Lua was extremely rude and disrespectful. She commented that I was not a very good administrative judge and again implied that I was biased as she alleged that I had colluded with the agency in all of my rulings that were not in the appellant's favor. She raised her voice and spoke over me after repeatedly being cautioned not to do so.

The Administrative Judge notes that, following the conference call, the Postal Service's representative filed two pleadings to have various e-mail communications entered into the record. The Administrative Judge notes that Lua stated in her e-mails, inter alia:

> "I pray for you and the judge that you repent from your evil ways."

> "The word of the Most High God promised to remove all my STUMBLING BLOCKS. GOD WILL PART THE RED SEA FOR ME AND MS. SHOCKNESS. I AM MANDATED BY PSALMS 149 TO DEAL WITH YOU AND THE CORRUPT JUDGE."

> "WHY ARE YOU UPLOADING DOCUMENTS TO THE BOARD AFTER THE RECORD CLOSED. YOU KNOW THE RECORD CLOSED ON OCTOBER 4, 2009. YOU LOW DOWN SNAKE YOU DID NOT USE THE E-FILE SYSTEMS SO THAT I WOULD NOT BE

NOTIFIED. MORE EVIDENCE THAT YOU MUST BE DISBARRED. YOU NEED TO VOLUNTARILY RESIGN TO SAVE THE AGENCY'S RESOURCES!!! SO I THANK YOU FOR MAKING IT SO EASY."

"What is it for a man to gain the whole world and lose his soul. Sir you are a liar and thief and you wipe your boots on the US Constitution everyday. You are a disgrace to our judicial system and to all the young men and women fighting in the middle east so that jerks like you eat sleep and shit another day in peace. Go defile yourself with your own European American penis. Please know that I will not stop until I get you disbarred pursuant to the False Claims Act. When I think of you I see Bullwinkle trying to pull a rabbit out of his hat. Keep watching mail for that infamous letter rescinding your license to practice law. You sir would spit on the ground and drown your own mother in it. You have no integrity or honor what was I thinking attempting to negoiate [sic] with a nefarious individual like yourself."

The Administrative Judge states in her order that after reviewing those e-mail communications, she ordered Lua on December 15, 2009 to cease and desist from sending disrespectful, insulting or threatening communications to her or the Postal Service's representative.

The Administrative Judge states that on January 19, 2010, Lua sent an e-mail message through the Board's e-Appeal system in which Lua suggests that a document had been deleted and asserts that "Admin Judge Robinson Styles is a slick fish but not slick enough." The Postal Service attached to its motion to disqualify Lua an e-mail exchange including Lua's statements, made on January 20, 2010, that referred to the Postal Service's representative as "a most unsavory character" who exhibited "ruth-

lessness." Lua's e-mail also stated that the Postal Service representative needs to "see someone about your Sociopath disorder it is getting vicious." The Administrative Judge states that Lua did not deny that the comments were made but instead suggested that the Administrative Judge should only warn her again.

The Administrative Judge held that she could exclude a party or representative or other person for contumacious conduct or misbehavior. 5 C.F.R. § 1201.31(d)(1) (2009) ("A judge may exclude a party, a representative, or other person from all or any portion of the proceeding before him or her for contumacious misconduct or conduct that it prejudicial to the administration of justice."). The Administrative Judge granted the motion to disqualify Lua from representing Shockness and granted a thirty-day suspension of proceedings to allow Shockness to obtain another representative.

In her mandamus petition, Shockness makes general assertions of error but does not meet the exacting standard for mandamus relief. The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1998). A party seeking a writ bears the burden of proving that it has no other means of obtaining the relief desired, *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985); *see also United States v. Watson*, 603 F.2d 192, 196-97 (C.C.P.A. 1979) ("the writ will not issue to cure the mere commission of reversible error"). "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a

court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008) (citing *Watson*, 603 F.2d at 195).

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is denied.

(2) The motion for leave to proceed in forma pauperis is granted.

(2) All other pending motions are denied.

FOR THE COURT

**MAY 1 9 2010**

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc: Carolyn D. Shockness
Jeffrey D. Klingman, Esq.
Merit Systems Protection Board, Administrative Judge

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 1 9 2010

JAN HORBALY
CLERK